**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gary H. LANE, Defendant–Appellant.**

**No. 14–10081.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 13, 2015.*

Filed March 17, 2015.

Robert W. Story, Story Law Group, Reno, NV, for Defendant–Appellant.

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Gary Lane appeals the sentence imposed following his guilty plea to twelve counts of mail fraud and five counts of attempted tax evasion. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

The district court did not err—and certainly did not clearly err, *see United States v. Aragbaye,* 234 F.3d 1101, 1107 (9th Cir. 2000), *superseded by statute on other grounds as stated in United States v. McEnry,* 659 F.3d 893, 899 n. 8 (9th Cir. 2011)—in imposing a two-level enhancement on the basis that Lane's offense involved sophisticated means. *See* U.S. Sentencing Guidelines Manual § 2B1.1(b)(10)(C) (2013). "Conduct need not involve highly complex schemes or exhibit exceptional brilliance to justify a sophisticated means enhancement." *United States v. Jennings,* 711 F.3d 1144, 1145 (9th Cir.2013). Lane's conduct was comparable to conduct that we have previously

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

held sufficient to support imposition of this sophisticated means enhancement. *See United States v. Tanke,* 743 F.3d 1296, 1307 (9th Cir.2014); *United States v. Horob,* 735 F.3d 866, 868–69, 872 (9th Cir. 2013) (per curiam).

Likewise, the district court did not clearly err, *see United States v. Scrivener,* 189 F.3d 944, 950 (9th Cir.1999), in imposing a two-level enhancement on the basis that Lane knew or should have known that at least one of his victims was particularly vulnerable, *see* U.S. Sentencing Guidelines Manual § 3A1.1(b)(1) (2013). The record amply supports the district court's imposition of this enhancement.

Finally, Lane's sentence is not substantively unreasonable. *See United States v. Blinkinsop,* 606 F.3d 1110, 1116 (9th Cir. 2010). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," *United States v. Treadwell,* 593 F.3d 990, 1015 (9th. Cir. 2010) (quoting *United States v. Carty,* 520 F.3d 984, 994 (9th Cir.2008) (en banc)) (internal quotation marks omitted), and Lane's within-Guidelines sentence is no exception.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.